PER CURIAM.
Appellant appeals from an order involuntarily committing her for treatment as an alcoholic issued by Hon. Jeanne D. Cren-shaw, a county court judge in Alachua County.
Although not raised by appellant, it appears from the record that the entire proceeding which culminated in the order appealed from was conducted by Judge Cren-shaw. What does not appear in the record is any indication that Judge Crenshaw was sitting in the capacity of a circuit judge or that she was designated as such. This becomes jurisdictionally significant because Section 396.102(1), Florida Statutes, the section under which appellant was committed, provides in pertinent part:
A person may be ordered to an appropriate treatment resource other than a state-operated mental hospital by the circuit judge upon the petition of his spouse or guardian, any next of kin, a physician ... (emphasis added).
We have found no authority suggesting that a county court is authorized to enter an order of commitment for involuntary treatment. Accordingly, we must and do hold that the commitment order is void for lack of jurisdiction in the county court to enter such an order. REVERSED.
SMITH, THOMPSON and MINER, JJ., concur.